**SO ORDERED.**

**SIGNED this 15 day of October, 2007.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

    DENNIS MUGNO,

        Debtor.                                  05-09231-8-JRL
                                                   Chapter 7
_____

JAMES B. ANGELL, Chapter 7 Trustee for
Dennis Mugno,

        Plaintiff,

v.                                                         Adversary Proceeding No.
                                                          06-00119-8-JRL

TERRY LYNN YODICE,

        Defendant.
_____

## ORDER

       The matter before the court is the motion for summary judgment filed by the Chapter 7 trustee. On August 21, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

**UNDISPUTED FACTS**

1

1. On August 10, 2004, the debtor sold real property located in Long Island, New York ("New York property") to an individual named Joel Carter for $381,100.00.

2. The debtor resided at the New York property with his fiancee (now wife), Terri Lynn Yodice, and their minor child, Brianna Mugno.

3. Ms. Yodice and Ms. Mugno had no interest in the New York property.

4. The debtor received $62,204.83 in proceeds from the sale of the New York property.

5. The proceeds from the sale of the New York property were first deposited into a Bank of America account under the custody and control of Ms. Yodice and then transferred to a First Citizens account under the custody and control of Ms. Yodice.

6. Ms. Yodice became interested in acquiring real property located at 7325 Haven Way, Wilmington, North Carolina ("Wilmington property") and began negotiations to purchase the Wilmington property.

7. Ms. Yodice approached her mother, Myrtle C. Carter, about acquiring the Wilmington property in Ms. Carter's name and obtaining financing needed to purchase the Wilmington property, although Ms. Carter would not need to make any payments on the Wilmington property.

8. Ms. Carter never intended to use the Wilmington property as her principle place of residence and was only involved in the acquisition of the Wilmington property due to Ms. Yodice's inability to obtain the necessary financing.

9. On September 22, 2004, Ms. Yodice withdrew $43,270.84 from the First Citizens account.

10. On September 23, 2004, the sale of the Wilmington property was closed, and the

settlement statement reflects payment by Ms. Carter in the amount of $43,270.84.

11. After Ms. Carter acquired the Wilmington property, the debtor resided there with Ms. Yodice and Brianna Mugno.

12. On May 25, 2005, Ms. Carter transferred the Wilmington property to Ms. Yodice via quitclaim deed, which was recorded on June 3, 2005.

13. The debtor caused all of his wages and funds received from employment as a salesperson at Wilmington Hyundai and all other wages that he received from employment to be deposited into an account solely in the name of Ms. Yodice who had exclusive use and control over the account.

14. On October 13, 2005, the debtor filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure is applicable to adversary proceedings. Fed. R. Bankr. P. 7056. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "When a motion for summary judgment is made and supported . . . , an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id. The facts must be viewed

in the light most favorable to the non-moving party. Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 958 (4th Cir. 1996).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).

## ANALYSIS

### A. Turnover of Wilmington Property

The trustee is seeking to recover the Wilmington property pursuant to three alternative equitable remedies, including the imposition of a resulting trust, constructive trust, or equitable lien on the property. The court has considered the three alternatives and concludes that the undisputed facts support the imposition of a constructive trust. "When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." Sara Lee Corp. v. Carter, 351 N.C. 27, 34-35, 519 S.E.2d 308, 313 (1999). "Courts of equity, will impose a constructive trust to prevent the unjust enrichment of the holder of the legal title to property acquired through a breach of duty, fraud or other circumstances which make it inequitable for him to retain it against the claim of the beneficiary of the constructive trust." Id. at 35.

Certain indicia of fraud are gleaned from the undisputed facts. The debtor transferred all proceeds from the New York property into the bank accounts controlled by Ms. Yodice to whom he shared a close relationship. Even if Ms. Yodice was entitled to half of the proceeds from the sale of the New York property as a result of her contributions towards family living expenses as she

argues,[1] she clearly was not entitled to the debtor's half of the proceeds. The debtor still continued to benefit from the transferred proceeds, as the funds were used by Ms. Yodice's mother to purchase the Wilmington property where the debtor and Ms. Yodice resided with their daughter. Ms. Yodice's mother then transferred the Wilmington property to Ms. Yodice for the inadequate consideration of ten dollars. These were all transfers outside of the ordinary mode of doing business.

The debtor then filed his Chapter 7 case on October 13, 2005. Had the proceeds from the debtor's sale of the New York property not been transferred to the bank accounts over which Ms. Yodice had custody and control, the proceeds would have constituted property of the debtor's bankruptcy estate.[2] 11 U.S.C. § 541(a)(1) (estate property includes all legal or equitable interests of the debtor in property as of the commencement of the case). The court grants summary judgment in favor of the trustee and imposes a constructive trust in favor of the trustee on the Wilmington property. The trustee will be entitled to the turn over of the Wilmington property so the interest of

---

[1]Ms. Yodice asserts that, while living in the New York property, she and the debtor pooled their incomes for family living expenses and that she was entitled to at least half of the proceeds from the sale of the New York property even though the property was not in her name. While Ms. Yodice did not provide support for her argument, New York case law acknowledges that a cause of action for a constructive trust over property acquired during the relationship of unmarried domestic partners may be asserted to prevent unjust enrichment. Artache v. Goldin, 133 A.D.2d 596, 519 N.Y.S.2d 702 (2nd Dept. 1987); Cannisi v. Walsh, 831 N.Y.S.2d 352 (N.Y. Sup. Ct. 2006); *but see* DeRicco v. Sackrider, 816 N.Y.S.2d 694 (N.Y. Sup. Ct. 2006) (elements for constructive trust not satisfied where unmarried couple maintained finances separately). Whether or not Ms. Yodice is entitled to half of the proceeds contributed to the Wilmington property is a matter of distribution that is saved for another day.

[2]As noted in footnote 1, for purposes of distribution, there is still the outstanding issue of whether Ms. Yodice is equitably entitled to a portion of the proceeds from the sale of the New York property under New York law as a result of her contributions to family living expenses. Even if Ms. Yodice's argument has merit under New York law, at least half of the proceeds would have been part of the debtor's bankruptcy estate had they not been transferred to bank accounts under Ms. Yodice's custody and control.

the estate may be liquidated for the benefit of creditors. The outstanding issues regarding whether Ms. Yodice was entitled to a portion of the New York proceeds as a result of her contributions to family living expenses and whether she is entitled to credit for her contributions towards mortgage payments on the Wilmington property and equity that has accrued on the Wilmington property are issues of distribution that will be saved for another day.

### Turnover of Income Deposited into Ms. Yodice's Account

The trustee seeks to recover the debtor's wages and funds that were directly deposited into Ms. Yodice's bank account within one year of the petition date. To establish a claim for fraudulent transfers against Ms. Yodice, the trustee must establish that the transfers constituted an interest of the debtor in property, the transfers were made within one year of filing the debtor's petition, the debtor voluntarily made the transfers, and the debtor made the transfers with the actual intent to hinder delay or defraud any entity to which the debtor was or became, on or after the date of each transfer was made or such obligation was incurred, indebted. 11 U.S.C. § 548.

The debtor's wages and funds constituted an interest of the debtor in property. The debtor voluntarily made the transfers by causing them to be directly deposited into Ms. Yodice's account. Ms. Yodice admitted that the debtor caused all of his wages and funds received from employment as a salesperson at Wilmington Hyundai and all other wages that he received from employment to be deposited into an account solely in the name of Ms. Yodice who had exclusive use and control over the account. The bank statements attached to the trustee's motion for summary judgment support that the transfers were made within one year.

To support the debtor's requisite intent to hinder, delay or defraud, the trustee cites to a prior order entered in the debtor's bankruptcy case where the court reconverted the case to Chapter 7. In

re Mugno, No. 05-09231-8-JRL (Bankr. E.D.N.C. May 17, 2006). The order acknowledges the debtor's admission that he directly deposited his income into Ms. Yodice's account in order to prevent seizure of those funds by creditors. Id. The court agrees with Ms. Yodice that claim preclusion does not apply here, as Ms. Yodice is not an identical party or in privity with the debtor in the two proceedings. Grausz v. Englander, 321 F.3d 467, 471 (4th Cir. 2003). Ms. Yodice was a witness in the bankruptcy case, and her interests were not aligned with the debtor. The debtor's admission in the bankruptcy case is hearsay in this separate proceeding against Ms. Yodice. Fed. R. Evid. 801(c). Accordingly, the court finds that there is a disputed issue regarding the element of intent and denies summary judgment on the fraudulent transfer claim.

Based on the foregoing, the court grants in part and denies in part the trustee's motion for summary judgment.

END OF DOCUMENT